insisting that the purchasers would pay that sum for the building. Appellant admitted these four conversations with appellee, but insisted that he told appellee he did not desire his services in the matter; and he later sold the building to the said purchasers for $6,750, the deed passing about thirty days after appellant's last conversation with appellee. Under these facts and the findings of the jury thereon, appellant was liable for the commission.

The judgment of the trial court is affirmed.

Affirmed.

James D. O'Connor, of Dallas, for appellant.

H. B. Houston, of Dallas, for appellee.

COMBS, Justice..

This appeal is from a judgment of the County Court at Law A, of Dallas County, in the amount of $150 and foreclosure of chattel mortgage lien on certain personal property. There is no statement of facts, but from recitals in the judgment appellant

Copeland admitted the indebtedness in the amount adjudged, and execution of the mortgage.

On the record the judgment is just. Appellant's brief presents no reversible error, and we affirm the judgment without discussion of the several assignments. See Texas & N. O. R. Co. v. Futch, Tex.Civ. App., 127 S.W.2d 1040.

Affirmed.

## FRY v. SPENCER.
### No. 3672.

Court of Civil Appeals of Texas. Beaumont. June 7, 1940.

Enoch G. Fletcher, of Grand Saline, and Pollard & Lawrence and William S. Reeves, all of Tyler, for appellant.

Gordon R. Wynne and Wynne & Wynne, all of Wills Point, for appellee.

## COPELAND v. STANDARD INV. CO.
### No. 3675.

Court of Civil Appeals of Texas. Beaumont. May 23, 1940.